**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

RAY MCGILL                                          CIVIL ACTION

VERSUS                                              NO. 17-4071

BP EXPLORATION & PRODUCTION, INC.                   SECTION: "G"(1)
et al.

<u>**ORDER AND REASONS**</u>

In this litigation, Plaintiff Ray McGill ("Plaintiff") seeks to recover damages for injuries he allegedly sustained while working in the response effort for the *Deepwater Horizon* oil spill.[1] Before the Court is Defendants BP Exploration and Production, Inc.; BP America Production Co.; and BP p.l.c. (collectively, "Defendants") "Motion for Summary Judgment Due to Plaintiff's Lack of Causation Evidence."[2] In the instant motion, Defendants argue that Plaintiff's claims must be dismissed because he has produced no evidence to connect his alleged conditions with exposure to oil or dispersants.[3]

The instant motion was filed on March 8, 2022, and it was noticed for submission on March 23, 2022.[4] Pursuant to Local Rule 7.5, any opposition to a motion must be filed eight days before the noticed submission date.[5] To date, Plaintiff has not filed an opposition. Additionally, Plaintiff's

---

[1] Rec. Doc. 1. at 2.

[2] Rec. Doc. 37. Defendants Halliburton Energy Services, Inc.; Transocean Deepwater, Inc.; Transocean Holdings, LLC; and Transocean Offshore Deepwater Drilling, Inc. join in the motion. *Id.*

[3] *Id.* at 1.

[4] *See* Rec. Doc. 37-3.

[5] *See* EDLA Local Rule 7.5.

1

counsel informed the Court via email that Plaintiff would not be filing an opposition to the motion.[6] Therefore, the motion is deemed to be unopposed. A federal district court may grant an unopposed motion if the motion has merit.[7] Considering the motion, the memorandum in support, the record, and the applicable law, the Court grants the motion.

## I. Background

This case arises out of the Deepwater Horizon oil spill that occurred on April 20, 2010.[8] On January 11, 2013, United States District Judge Carl J. Barbier, who presided over the multidistrict litigation arising out of the Deepwater Horizon incident, approved the Deepwater Horizon Medical Benefits Class Action Settlement Agreement ("MSA").[9] The MSA includes the so-called "B3 pleading bundle" which allows certain plaintiffs to assert "claims for personal injury and wrongful death due to exposure to oil and/or other chemicals used during the oil spill response."[10] The B3 plaintiffs either opted out of the class action settlement agreement or were excluded from its class definition.[11] The B3 plaintiffs must follow procedures set forth in the MSA to sue BP for medical conditions or death arising from the oil spill.[12]

On April 26, 2017, Plaintiff filed a B3 Complaint in this Court.[13] In the Complaint, Plaintiff alleges that the Deepwater Horizon oil spill exposed him to "oil and/or oil dispersing chemicals

---

[6] *See* attached correspondence.

[7] *See Braly v. Trail*, 254 F.3d 1082 (5th Cir. 2001).

[8] Rec. Doc. 1.

[9] *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mex. on Apr. 20, 2010*, MDL No. 10-2179, Rec. Doc. 8217 (E.D. La. Jan. 11, 2013) [hereinafter *In re Deepwater Horizon*].

[10] *In re Deepwater Horizon*, MDL No. 10-2179, 2021 WL 6053613, at *10 (E.D. La. Apr. 1, 2021).

[11] *Id.* at *10 n.3.

[12] *In re Deepwater Horizon*, MDL No. 10-2179, Rec. Doc. 6427-1 at 60–73 (E.D. La. May 3, 2012).

[13] Rec. Doc 1 (incorporating by reference the master complaint filed in Case No. 13-2222, Rec. Doc. 1).

and/or decontaminants by virtue of his[] employment."[14] That exposure allegedly caused Plaintiff to suffer a reduction in wages and loss of employment.[15]

On April 19, 2021, Judge Barbier severed the B3 pleading bundle from the MDL and ordered the cases randomly reallotted among the judges of this Court.[16] This case was randomly reallotted to the undersigned Chief Judge.[17] On August 23, 2021, the Court issued a scheduling order setting this case for trial on June 13, 2022.[18] Pursuant to the Scheduling Order, Plaintiff was required to disclose any expert reports to Defendants no later than February 25, 2022.[19] The parties were required to file witness and exhibit lists no later than March 25, 2022.[20] To date, Plaintiff has not filed his witness and exhibit lists.

On March 8, 2022, Defendants filed the instant motion for summary judgment.[21] Pursuant to Local Rule 7.5, any opposition to a motion must be filed eight days before the noticed submission date.[22] To date, Plaintiff has not filed an opposition and therefore the motion is deemed to be unopposed.[23]

---

[14] *See In re Deepwater Horizon*, MDL No. 13-2222, Rec. Doc. 1 at 12.

[15] *Id.*

[16] Rec. Doc. 6.

[17] *Id.*

[18] Rec. Doc. 30.

[19] *Id*. at 3.

[20] *Id*. at 4.

[21] *Id.* at 1.

[22] *See* EDLA Local Rule 7.5.

[23] *See also* attached correspondence.

## II. Defendants' Argument

In the instant motion, Defendants request summary judgment on Plaintiff's claims.[24] Defendants argue the MSA requires Plaintiff to prove his condition was caused by exposure during the oil spill response.[25] Due to the technical nature of proof required to establish causation, Defendants assert that other judges in the Eastern District of Louisiana have required B3 plaintiffs to present expert testimony to meet their burden of proving causation.[26] Because Plaintiff has not made any expert disclosures in this case, Defendants argue that Plaintiff cannot meet his burden and Defendants are entitled to judgment as a matter of law.[27]

Plaintiff has failed to respond to the instant motion or provide evidence to oppose Defendants' assertions.

## III. Legal Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[28] The court considers "all of the evidence in the record but refrain[s] from making credibility determination or weighing the evidence."[29] All facts and reasonable inferences must be

---

[24] Rec. Doc. 37.

[25] Rec. Doc. 37-1 at 4–5.

[26] *Id*. at 5 (citing *In re Deepwater Horizion*, No. 10-2179, Rec. Doc. 36924 at 1 (E.D. La. Feb. 23, 2021)).

[27] *Id*. at 5–6.

[28] Fed. R. Civ. P. 56(a); *see also Little v. Liquid Air Corp*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[29] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008).

drawn in the light most favorable to the nonmoving party.[30] An issue is genuine when "evidence is such that a reasonable jury could return a verdict for the nonmoving party."[31]

The party seeking summary judgment has the burden of proof to show that no genuine dispute as to any material fact exists and may prove this by: "(1) submit[ing] evidentiary documents that negate the existence of some material elements of the opponent's claim or defense, or (2) if the crucial issue is one on which the opponent will bear the ultimate burden of proof at trial, demonstrate[ing] that the evidence in the record insufficiently supports an essential element of the opponent's claim or defense."[32] Pursuant to *Celotex Corp. v. Catrett*, if the dispositive issue is one that the nonmoving party bears the burden of proving, the moving parties burden is discharged upon "showing" the court that there is insufficient evidence to support the nonmoving parties case.[33] If the movant meets their burden by showing there is insufficient record evidence on an issue in which the nonmoving party bears the burden of proof, the burden shifts to the nonmoving party to prove a genuine issue of material fact.[34] A genuine issue may not be created by "'some metaphysical doubt as to the material facts,' 'by conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence."[35] The nonmoving party may not rest on the pleadings and must establish specific facts creating a genuine issue.[36] Additionally, "summary judgment is mandatory against a party who fails to make a showing sufficient to

---

[30] *Rabalais v. BP Expl. & Prod.*, No. 18-9718, 2019 WL 2546927, at *2 (E.D. La. June 20, 2019).

[31] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

[32] *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 190 (5th Cir. 1991) (internal citation omitted).

[33] 477 U.S. 317, 324–25 (1986).

[34] *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994).

[35] *Little*, 37 F.3d at 1075.

[36] *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

establish the existence of an elements essential to that party's case, and one which that party will bear the burden of proof at trial."[37]

## IV. Analysis

The MSA entered in the Deepwater Horizon litigation allows so-called "B3" plaintiffs who opted out of the class action settlement agreement or were excluded from its definition to sue BP for injuries resulting from exposure to oil and other harmful chemicals.[38] Under the terms of the MSA, a B3 claimant is not required to prove liability, but the claimant "must prove causation."[39]

The Fifth Circuit has stated that "[s]cientific knowledge of the harmful level of exposure to a chemical, plus knowledge that the plaintiff was exposed to such quantities, are minimal facts necessary to sustain [a plaintiff's] burden in a toxic tort case."[40] Therefore, in a toxic tort case such as this one, "expert testimony is . . . required to establish causation."[41]

Pursuant to the Scheduling Order, Plaintiff was required to disclose any expert reports to Defendants no later than February 25, 2022.[42] To date, Plaintiff has not disclosed any expert reports to Defendants. Additionally, Plaintiff has not opposed the motion or otherwise attempted

---

[37] *Brown v. Offshore Specialty Fabricators, Inc.*, 663 F.3d 759, 766 (5th Cir. 2011).

[38] *See In re Deepwater Horizon*, MDL No. 10-2179, Rec. Doc. 6427-1 (E.D. La. May 3, 2012).

[39] *Cf. In re Deepwater Horizon*, MDL No. 10-2179, Rec. Doc. 13733 (E.D. La. Nov. 26, 2014); *see also Garcia-Maradiaga v. BP Expl. & Prod., Inc.*, No. 18-11850, 2020 WL 491183, at *3 (E.D. La. Jan. 30, 2020) (Ashe, J.); *Turner v. BP Expl. & Prod., Inc.*, No. 18-9897, 2019 WL 6895577, at *2 (E.D. La. Dec. 18, 2019) (Fallon, J.); *Brown v. BP Expl. & Prod. Inc.*, No. 18-9927, 2019 WL 2995869, at *2 (E.D. La. July 9, 2019) (Africk, J.); *Rabalais v. BP Expl. & Prod. Inc.*, No. 18-9718, 2019 WL 2546927, at *2 (E.D. La. June 20, 2019) (Africk, J.); *Cibilic v. BP Expl. & Prod., Inc.*, No. 15-995, 2017 WL 1064954, at *2 (E.D. La. Mar. 21, 2017) (Milazzo, J.); *Piacun v. BP Expl. & Prod., Inc.*, No. 15-2963, 2016 WL 7187946, at *7 (E.D. La. Dec. 12, 2016) (Morgan, J.). Although these cases apply to the BELO claims, the Court finds no reason—and Plaintiff offers none—to depart from this approach in B3 cases.

[40] *See Seaman v. Seacor Marine LLC*, 326 F. App'x 721, 723 (5th Cir. 2009) (citing *Allen v. Penn. Eng'g Corp.*, 102 F.3d 194, 199 (5th Cir. 1996)).

[41] *Id.*

[42] Rec. Doc. 30 at 4.

to demonstrate causation. Therefore, because Plaintiff has failed to put forth any evidence to support an essential element of his claims, there are no genuine issues of material fact in dispute and Defendants are entitled to judgment as a matter of law. Accordingly,

**IT IS HEREBY ORDERED** that Defendants BP Exploration and Production, Inc.; BP America Production Co.; and BP p.l.c.'s "Motion for Summary Judgment Due to Plaintiff's Lack of Causation Evidence"[43] is **GRANTED**.

**NEW ORLEANS, LOUISIANA**, this  23rd  day of May, 2022.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[43] Rec. Doc. 37.

| | |
|---|---|
| **From:** | Dominick, Paul A. |
| **To:** | eFile-Brown |
| **Cc:** | "Jakola, Katie"; dglsschmdt@yahoo.com; abelleau@lawla.com; *ayork@reedsmith.com; Charles B. Wilmore; *dcreid@liskow.com; ddysart@fishmanhaygood.com; Hunter Curtis; jarrett@falconlaw.com; jenni@falconlaw.com; jerry@falconlaw.com; kmiller@fishmanhaygood.com; Ritter, Kristopher; Lauren Bridges; lcolletta@lawla.com; pthibodeaux@fishmanhaygood.com; *rkjarrett@liskow.com; Roth, Martin L.; tim@falconlaw.com; Thomas P Diaz; Lance Bullock |
| **Subject:** | RE: 17-cv-04071-NJB-JVM McGill v. BP Exploration and Production, Inc. et al [IWOV-NPCHAR1.FID911126] |
| **Date:** | Thursday, May 19, 2022 9:33:05 AM |
| **Attachments:** | image001.png |

**CAUTION - EXTERNAL:**

Your Honor,

We will not be opposing the summary judgment motion in the above matter.  Your patience has been greatly appreciated, and has allowed us the ability to work through some issues in this particular case.

Respectfully,

Paul Dominick



**Paul A. Dominick**
Member
Nexsen Pruet, LLC
205 King Street, Suite 400
Charleston, SC 29401
T: 843.577.9440, F: 843.414.8203
pdominick@nexsenpruet.com
*www.nexsenpruet.com*

NEXSEN│PRUET